IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD M. SIMMONS, | : | 1:11-cv-2389 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al., | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## July 2, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 13), filed on June 8, 2012, which recommends that Petitioner Richard M. Simmons' petition for writ of habeas corpus (Doc. 1) be denied without prejudice, based on Petitioner's failure to exhaust his available state court remedies. Petitioner has not filed objections to the R&R and the time to do so has lapsed.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by June 25, 2012.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

*Pro se* Petitioner Richard M. Simmons ("Petitioner" or "Simmons") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an order rendered by the Pennsylvania Board of Probation and Parol E("PBPP") dated September 26, 2011 that denied Petitioner parole. Petitioner alleges that

when determining his parole eligibility, that the PBPP utilized the 1996 Pennsylvania Parole Act and Rules, which are more restrictive than the current rules.

Petitioner is serving a ten to twenty year sentence of imprisonment following a 1989 conviction for 3rd Degree Murder in the Franklin County Court of Common Pleas. After serving over 15 years on his sentence, on March 23, 2004, Simmons had his first parole hearing. Parole was denied. In response, Petitioner filed a petition for writ of habeas corpus, docketed at 4:04-cv-1001. The petition was dismissed for failure of Simmons to exhaust his administrative remedies. Petitioner appealed the district court's decision, and on August 23, 2006, the United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of the petition.

Thereafter, on November 26, 2007, Petitioner was granted parole, however, on January 29, 2009, he was recommitted on violations. Again on August 20, 2010, he was granted parole, but on March 18, 2011, he was recommitted on violations. On September 26, 2011, Petitioner was denied parole by the PBPP. This petition for habeas corpus followed.

As noted by Magistrate Judge Blewitt, just as with his 2004 habeas petition, in the matter *sub judice*, Petitioner has not exhausted his administrative or state

court remedies.  It is axiomatic that before a district court may properly review a 28 U.S.C. § 2254 petition for writ of habeas corpus, that the petitioner must have exhausted all of his administrative and state court remedies.  Here, the record is plain that Simmons has not done so, and as such, this matter is appropriately dismissed without prejudice.

As we have already mentioned, the Petitioner has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.